# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CR-07-00202-001-HE |
| | ) | NO. CIV-14-0632-HE |
| JAN MICHEL PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Jan Michel Phillips pled guilty to four counts of bank robbery[1] and, on January 18, 2008, was sentenced to a 235 months term of imprisonment, with a four year term of supervised release.[2] The defendant did not appeal but, on June 17, 2014, filed a motion pursuant to 28 U.S.C. § 2255(f)(3), seeking to be resentenced. He claims the court erroneously relied on a prior burglary conviction to enhance his sentence.

The United States Sentencing Guidelines ("U.S.S.G.") allow enhanced "career offender" sentencing for a defendant who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G.§ 4B1.1; United States v. Wright, 2014 WL 1924605, at *1 (10th Cir. 2014). Defendant contends the court, in determining that his prior conviction of Burglary II under Oklahoma law was a crime of violence, improperly used the "modified categorical approach," which "permits sentencing

---

[1] Defendant was charged with two counts of bank robbery under 18 U.S.C. § 2113(a) and two counts of bank robbery by use of a dangerous weapon or device under § 2113(a) and (d).

[2] An amended judgment was entered on July 7, 2009, to correct an inadvertent omission from the standard conditions of supervised release.

courts to consult a limited class of documents, such as indictments and jury instructions." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). Defendant essentially argues that under Descamps the court could only consider the language of the Oklahoma statute, which defines second degree burglary as breaking and entering a building. 21 Okla. Stat. § 1435. Because the Guidelines define a crime of violence as "burglary of a dwelling," U.S.S.G. §4B1.2(a)(2) (emphasis added),[3] defendant asserts that his burglary conviction cannot be a predicate offense for enhancement of his sentence. He claims his motion is timely under §2255(f)(3) because the Supreme Court's decision in Descamps is retroactive.

The government responds that defendant's motion is untimely or, if timely, lacks merit, as pertinent court documents establish his burglary conviction qualifies as a crime of violence. It also argues that, even if his motion was timely and had merit, his guidelines range would not be affected.

Section § 2255 motions are subject to a one year limitation period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

---

[3]*Defendant did not challenge the designation of the burglary conviction as a crime of violence in the Presentence Report either prior to or at sentencing.*

2

and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant relies on § 2255(f)(3) to avoid the one year statutory bar which would otherwise apply to his motion, claiming that the Supreme Court recognized a new right in <u>Descamps</u>, which applies retroactively. Plaintiff's reliance on <u>Descamps</u> is misplaced. The Supreme Court did not make the rule announced in <u>Decamps</u> retroactive to cases on collateral review and district courts have uniformly refused to apply it retroactively. *See e.g.*, <u>Miles v. United States</u>, 2014 WL 3747776 at * 2 (M.D. Fla. July 29, 2014). As <u>Descamps</u> is inapplicable and defendant cites no other basis for avoiding the one year limitations period of § 2255(f), his motion is time-barred.

Accordingly, defendant's § 2255 motion to vacate his sentence [Doc. #26] is **DENIED**. The court also denies a certificate of appealability, as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 11th day of August, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE